JUSTICE HOOD, dissenting.
¶18 The majority considers the title set for Initiative #156 to be illogical and inherently confusing. It therefore holds that the title violates the clear title requirement. I disagree. Though the title may allow for speculation as to the initiative's precise impact if enacted, it clearly expresses the initiative's purpose: to prevent the sale of intoxicants such as full-strength beer, wine, liquor, and marijuana at food stores by prohibiting those stores from possessing licenses to sell such goods. I therefore respectfully dissent from the majority's conclusion that the initiative's title is not clear.
¶19 As the majority explains, the Title Board is vested with considerable discretion in setting an initiative's title, and in respecting that discretion, "we employ all legitimate presumptions in favor of the propriety of the [Title] Board's actions." Maj. op. ¶ 8 (first quoting In re Title, Ballot Title & Submission Clause for 2015-2016 #73, 2016 CO 24, ¶ 8, 369 P.3d 565, 567 ; then quoting In re Title, Ballot Title & Submission Clause for 2013-2014 #89, 2014 CO 66, ¶ 8, 328 P.3d 172, 176 ). When reviewing a title for clarity and accuracy, we will reverse the Title Board's decision only if the title is "insufficient, unfair, or misleading." In re Title, Ballot Title & Submission Clause for 2009-2010 #45, 234 P.3d 642, 648 (Colo. 2010).
¶20 Our review of an initiative's title is limited not only by the deference we give to the Title Board's authority, but also by the narrow scope of the clear title inquiry. We examine the title to determine if it is fair, clear, accurate, and complete. In re Title, Ballot Title & Submission Clause for 2011-2012 #3, 2012 CO 25, ¶ 8, 274 P.3d 562, 565. But we do not consider the merits of an initiative or review its efficacy, construction, or future application. In re 2013-2014 #89, ¶ 10, 328 P.3d at 176 (quoting In re 2009-2010 #45, 234 P.3d at 645 ). Our role as a reviewing court is not to consider whether the Title Board set the best possible title, but rather to ensure that the title fairly reflects the proposed initiative so that voters will not be misled by its language. See In re 2009-2010 #45, 234 P.3d at 648 (quoting *156 In re Title, Ballot Title & Submission Clause for 2007-2008 #62, 184 P.3d 52, 58 (Colo. 2008) ). The "purpose of reviewing an initiative title for clarity ... [is] voter protection through reasonably ascertainable expression of the initiative's purpose." Id.
¶21 The majority concludes the title set for Initiative #156 violates the clear title requirement because it is "illogical and inherently confusing." Maj. op. ¶ 13. The source of the inherent confusion seems to be the circularity of the title's language, which would "prohibit[ ] a state or local licensing authority from granting a liquor license to a food store that offers for sale ... full-strength beer, wine, [or] liquor." The majority seems concerned that voters will be caught up trying to understand why a food store that offers alcoholic beverages for sale-and thus must already possess a liquor license-would seek a liquor license from a state or local licensing authority. Additionally, the majority identifies multiple potential impacts voters might infer from the language of the title and concludes that this array of outcomes will hinder voters from ascertaining the initiative's intent.
¶22 In my view, however, the language of the title set for Initiative #156 adequately apprises voters that, if the initiative is enacted, food stores will be denied licenses to sell full-strength beer, wine, liquor, marijuana, or marijuana products in sealed containers for off-premises consumption. Each of the potential impacts the majority identifies serves to illustrate, rather than obscure, this central purpose. Though the language of the title-like the initiative itself-leaves for future determination exactly how food stores seeking to sell specified alcoholic beverages or marijuana would be denied that privilege, the initiative's underlying purpose and effect remains apparent. Any evaluation of the potential impacts of Initiative #156 goes beyond the bounds of this court's limited review and amounts to improper consideration of the construction and future application of the proposed initiative. And because we "employ all legitimate presumptions in favor of the propriety of the Board's actions," In re 2009-2010 #45, 234 P.3d at 645, once it is evident the title generates a reasonably ascertainable expression of the initiative's purpose, we should defer to the Title Board and terminate our clear title inquiry.
¶23 I believe the title set by the Title Board for Initiative #156 clearly expresses the initiative's subject: to prevent the sale of intoxicants such as full-strength beer, wine, liquor, and marijuana at food stores by prohibiting those stores from possessing licenses to sell such goods. The title adequately provides voters with a general understanding of the effect of a "yes/for" or "no/against" vote: the former will alter Colorado law to prohibit food stores from having licenses to sell alcoholic beverages and marijuana, and the latter will reject the proposal and preserve the status quo. Because the title provides a reasonably ascertainable expression of the initiative's purpose that will help rather than hinder voters' comprehension of the initiative, I would hold that the title set by the Title Board is clear. I therefore respectfully dissent.
I am authorized to state that JUSTICE COATS joins in this dissent.